J-S37016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLESTAE TAGGART | : | |
| | : | |
| Appellant | : | No. 1310 EDA 2025 |

Appeal from the PCRA Order Entered April 24, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003001-2014

BEFORE: DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY KUNSELMAN, J.: **FILED JANUARY 23, 2026**

Charlestae Taggart appeals *pro se* from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A §§ 9541-46. We affirm.

In a previous appeal, this Court summarized the pertinent facts as follows:

> [O]n August 16, 2014, police executed a search warrant at 35 Foundry Street, Coatesville, Chester County. During the search of the residence, the officers located [Taggart] sleeping, naked, in a bed with a female friend. As a safety precaution, the officers attempted to place [Taggart] in custody during the search. [Taggart] resisted the officers' attempt to place [him] in custody by repeatedly failing to comply with the officers' verbal commands and not allowing them to restrain him. Ultimately, it took three

_____

* Former Justice specially assigned to the Superior Court.

officers and the repeated use of a taser to subdue [Taggart] so that he could be placed in custody.

After [Taggart] was placed in custody and the residence was secured, the officers conducted the search. During the search, the officers recovered [414] bags of heroin, weighing 10.95 grams, [5] bags of cocaine weighing 12.61 grams, a fully loaded and stolen Ruger []9 millimeter handgun with an extended magazine, two different types of ammunition, cutting agents, scales, and hundreds of baggies commonly used to package cocaine and heroin.

**Commonwealth v. Taggart**, 178 A.3d 205 (Pa. Super. 2017) (non-precedential decision at *1-2).

Police arrested Taggart and charged him with various firearms, drug and related offenses, including possession with intent to deliver heroin and cocaine. At the conclusion of trial on November 12, 2015, a jury convicted Taggart of a firearm violation, receiving stolen property (firearm), two counts of possession of controlled substance (heroin and cocaine), possession of drug paraphernalia, and resisting arrest. The jury acquitted Taggart of the possession with intent to deliver charges. On January 19, 2016, the trial court imposed an aggregate sentence of 8 ½ to 18 years of imprisonment.

Taggart appealed, and, after a **Grazier**[1] hearing, he was permitted to proceed *pro se*. Among the six issues he raised on appeal, Taggart asserted that his constitutional rights were violated because the search warrants contained numerous defects. Finding no merit to any issues, we affirmed his judgment of sentence on September 29, 2017. **Taggart**, **supra**. On August

_____

[1] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

7, 2018, our Supreme Court denied Taggart's petition for allowance of appeal. ***Commonwealth v. Taggart***, 190 A.3d 1128 (Pa. 2018). Taggart did not seek further review in the United States Supreme Court.

On October 31, 2019, Taggart filed a timely, counseled PCRA petition and, thereafter, an amended petition. The Commonwealth filed a response. On April 5, 2021, the PCRA court issued an Appellate Rule 907 notice of its intent to dismiss Taggart's petition without a hearing. Taggart filed a response. By order entered August 20, 2021, the PCRA court denied Taggart's first PCRA petition. Taggart appealed. On September 28, 2022, this Court affirmed the PCRA court's order denying Taggart post-conviction relief. ***Commonwealth v. Taggart***, 285 A.3d 960 (Pa. Super. 2022) (non-precedential decision).

On October 31, 2022, Taggart filed an untimely petition for allowance of appeal to the Pennsylvania Supreme Court, and refiled it on November 9, 2022. On July 19, 2024, Taggart's petition for allowance of appeal was discontinued by the Pennsylvania Supreme Court.

On July 30, 2024, Taggart filed the PCRA petition at issue, his second. On March 21, 2025, the PCRA court issued a Rule 907 notice of intent to dismiss Taggart's second petition because it was untimely filed. Taggart filed a response. By order entered April 24, 2025, the trial court issued an order

- 3 -

dismissing the petition. This appeal followed. Both Taggart and the PCRA

court have complied with Appellate Rule 1925.[2]

Taggart raises the following four issues on appeal:

I.      Did the PCRA Court err by failing to properly toll [Taggart's] time [] given that his first counseled PCRA [petition] was timely filed on October 31, 2019, within five days remaining until his November 5, 2019, one year deadline?

II.     Did the PCRA Court err in failing to rule whether or not [Taggart's] second PCRA was timely under 42 Pa.C.S. § 9545(b)(1) due to [Taggart] still having his first PCRA [petition] pending on appeal in the Pennsylvania [Supreme] Court?

III.    Did the PCRA court err by concluding [Taggart's] after discovered fact/newly discovered fact claim of the prosecution not having any [controlled] buys, failed to satisfy an exception to the PCRA's time-bar?

IV.     Did the PCRA Court err without ruling whether or not [Taggart's] governmental interference claims raised in his second PCRA [petition] satisfied an exception to the PCRA's time-bar?

Taggart's Brief at 4.

We first consider whether the PCRA court correctly concluded that

Taggart's 2024 petition was untimely filed. The timeliness of a post-conviction

petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651

(Pa. Super. 2013). Generally, a petition for relief under the PCRA, including

a second or subsequent petition, must be filed within one year of the date the

---

[2] In lieu of a Rule 1925(a) opinion, the PCRA court states that its reasons for the dismissal of Taggart's second petition were set forth in its Rule 907 notice.

judgment becomes final, unless the petitioner alleges and proves that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Taggart's judgment of sentence became final on November 5, 2018, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Taggart had until November 5, 2019, to file a timely petition. Because Taggart filed

his second PCRA petition in 2024, it is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Taggart has failed to plead and prove a time-bar exception. Taggart argues that the Commonwealth "intentionally suppressed Incident Report 14081133 and Evidence number 1095," Taggart's Brief at 12, and that this act by the Commonwealth satisfied both the newly-discovered-fact and governmental interference exceptions to the PCRA's time bar.

We discuss each time-bar exception separately. This Court has explained the newly-discovered-fact exception to the PCRA's time bar as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in

discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Williams argues that the PCRA court had jurisdiction to address his otherwise untimely PCRA petition. He explains:

> [Taggart's] second PCRA [petition] is predicated on the fact that he never knew the prosecution did not have anything in its file of the controlled buys [included in the affidavit of probable cause supporting the application for the search warrant] and he learned of this on August 10, 2023, when he received the attestation letter [in response to his Right-to-Know Law request].

Taggart's Brief at 17.

Taggart has not satisfied the newly-discovered-fact time-bar exception. Initially, we note that Taggart has not established due diligence; he offers no explanation for why he waited nine years after his convictions to seek the information at issue. Indeed, in his brief, he fails to provide any information identifying the significance of the incident report or evidence number. Additionally, as noted above, Taggart unsuccessfully challenged multiple defects in the search warrant in his *pro se* direct appeal. In fact, in a *pro se* motion for reconsideration he filed after the court denied his suppression motion, Taggart alluded to the claim he now asserts that he only discovered in 2023. **See Taggart**, **supra**, (non-precedential decision at 10) (noting that Taggart asserted the officer applying for the warrant "made false claims in applying for a warrant and search").

Moreover, Taggart's claim that information to support the controlled buys could not be found in a search of the Commonwealth's files does not affect whether the magisterial district judge issued the search warrant based on probable cause. As the PCRA court explained:

> Taking everything [Taggart] alleges [] as true regarding the right to know responses, the non-existence of documents, notes, emails, and paperwork concerning any decision not to charge or prosecute [Taggart] for the three controlled buys, does not logically mean that the controlled buys did not occur as [Taggart] argues as his newly discovered evidence. There may have been oral discussions within the district attorney's office regarding the potential protection of possible confidential informants. [Taggart's] leap to conclude that the three controlled buys did not occur because discussions regarding a decision to not charge and prosecute [Taggart] for the buys was not documented in written form is illogical. The non-existence of written documentation is not newly discovered evidence[.]

Rule 907 Notice, 3/21/25, at 1 n.1.

We agree. Taggart bases his newly-discovered fact exception argument on an absence of evidence. Such a claim is baseless. Essentially, for whatever reason, the Commonwealth chose to charge Taggart with only the contraband found after executing the search warrant. Taggart knew this at the time of his trial. Thus, Taggart cannot not establish any newly-discovered "fact."

Taggart next asserts he met the governmental interference exception to the PCRA's time bar because the Commonwealth committed a violation of **Brady v. Maryland**, 373 U.S. 83 (1963). Although a **Brady** violation might fall within the governmental interference exception to the PCRA's time bar, to meet this exception, the PCRA statute requires a petitioner to plead and prove:

(1) the failure to previously raise the claim was the result of interference by government officials, and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. ***Commonwealth v. Vinson***, 249 A.3d 1197. 1205 (Pa. Super. 2021).

Once again, Taggart fails to explain why he did not seek information regarding the three controlled buys sooner. Moreover, as the PCRA court stated, "the non-existence of written documentation" regarding the three controlled buys supporting the issuance of the search warrant "is certainly not ***Brady*** material that must be disclosed by the Commonwealth. The Commonwealth is unable to disclose evidence that does not exist." Rule 907 Notice, 3/21/25, at 1 n.1. We agree.

***Brady*** only applies to situations when the Commonwealth fails to disclose material and/or exculpatory evidence that actually exists. ***See***, ***e.g.***, ***Commonwealth v. Simpson***, 66 A.3d 253, 265 (Pa. 2013). Put differently, [t]he Commonwealth cannot violate ***Brady*** by suppressing evidence that does not exist." ***Commonwealth v. Smith***, 17 A.3d 873, 890 (Pa. 2011) (citation omitted). The absence of evidence cannot equate to a failure to disclose. ***See Commonwealth v. Koehler***, 36 A.3d 121, 135-38 (Pa. 2012) (concluding that, because a "deal" the defendant faulted the Commonwealth for failing to disclose did not exist, a ***Brady*** violation did not occur). Here, Taggart has failed to establish that the Commonwealth suppressed any evidence. Thus, there was no ***Brady*** violation, and Taggart has failed to establish the governmental interference exception to the PCRA's time-bar.

In sum, because the PCRA court correctly concluded that Taggart did not establish any exception to the PCRA's time bar, the court properly dismissed his 2024 petition as untimely filed.[3]  Neither the PCRA court nor this Court had jurisdiction to consider the merits of Taggart's second petition. ***Derrickson***, ***supra***.  We therefore affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/23/2026

---

[3] Regarding timeliness, Taggart also argues that "[t]he one year clock is tolled (stops running) on the date a Petitioner properly files his first PCRA [petition] and starts up again once his PCRA appeals are completed."  Taggart's Brief at 13-14.  He is mistaken.  The timeliness of a serial PCRA is dependent on the finality of sentence which occurs after direct appellate rights are exhausted and prior to any post-conviction proceedings.